(87 App. Div. 287.)

UNION SURETY & GUARANTY CO. v. GREATER NEW YORK AMUSEMENT CO. et al.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. DENIAL OF MOTION FOR DISCHARGE OF RECEIVER—LEAVE TO RENEW—APPEAL BY RECEIVER.

A receiver of a corporation is not entitled to appeal from so much of the order denying the motion of the corporation for the discharge of the receiver as grants leave to renew the motion.

Appeal from Special Term, New York County.

Action by the Union Surety & Guaranty Company against the Greater New York Amusement Company, in which a receiver for defendant was appointed. From that part of the order denying defendant's motion to discharge the receiver which grants defendant leave to renew the motion, James R. Kiernan, the receiver, appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John V. Bouvier, for appellant receiver.
Franklin Bien, for respondent.

INGRAHAM, J. This action was brought for the sequestration of the property of the defendant, a domestic corporation, and final judgment was entered appointing the defendant Kiernan as permanent receiver of the corporation. Subsequently an action was brought by the General Electric Company, a creditor of the defendant

corporation, and Kiernan, as receiver thereof, to set aside certain transfers of property or money made by the defendant corporation, which action was defended by the corporation, but after a trial judgment for the plaintiff was entered, which directed that the defendants in that action deliver certain property to the receiver, or pay its value, found at upwards of $59,000. Subsequently all creditors of the defendant corporation, including the plaintiff, settled their claims, except two—one being for $870 and the other for $175—both of these creditors having judgments against the corporation. Thereupon the defendants and those owning all the stock of the corporation made an application to the court for an order discharging the receiver upon the payment by the corporation of the two unpaid judgments ($870 and $175), and staying the receiver from all further act or interference as receiver, except to collect and pay the said two judgments. In answer to this application the receiver submitted an affidavit stating that he had received no notice that the judgments against the corporation had been paid; that he had incurred a bill for legal services and disbursements to his attorney; that there are no assets of said corporation in his hands, and that no assets had come into his hands. This application was denied, with leave to renew upon the moving parties making certain payments to the receiver, and from so much of the order as grants leave to renew the receiver appeals.

It is apparent that the receiver is not aggrieved by the order appealed from. No relief is granted against him, the application having been denied. If the defendant should renew this motion upon the leave granted, the receiver could then have an opportunity of opposing it; and, if any order is granted affecting his interest, he could review that order by an appeal. But merely reserving to a defeated party the right to renew an application which was denied is not a ground for appeal by the successful party.

It follows that the appeal must be dismissed, with $10 costs and disbursements. All concur.